**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JOHN DOE**,[1]                                             Case No.:

               Plaintiff,                        Hon.

v.

**DEPARTMENT OF HOMELAND SECURITY**,        **COMPLAINT**
and **UNITED STATES CITIZENSHIP AND**
**IMMIGRATION SERVICES**

               Defendants.

_____

## INTRODUCTION

1)      This is an action under the Freedom of Information Act ("FOIA") seeking

declaratory and injunctive relief against Defendant Department of Homeland Security

("DHS") and Defendant United States Citizenship and Immigration Services ("USCIS")

for their unlawful withholding of information.

## JURISDICTION AND VENUE

2)      This Court has jurisdiction under 5 U.S.C. § 552 et seq., 28 U.S.C. § 1331,

and 28 U.S.C. § 2201.

3)      Venue is proper under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1)

because this is a civil action in which Defendants are national agencies, because Plaintiff

resides in this judicial district and there is no real property involved in this action.

_____

[1] Plaintiff is an asylum seeker from a country in west Africa. To preserve his
confidentiality pursuant to federal regulations at 8 CFR § 208.6, a motion to proceed
under a pseudonym is being filed concurrently with this complaint.

*John Doe v. Department of Homeland Security and United States Citizenship and Immigration Services.*
Complaint

4)      Plaintiff has exhausted any and all administrative remedies in connection with his FOIA request as detailed below.

## PARTIES

5)      Plaintiff "John Doe" is a citizen of a country in the western part of Africa and an applicant for asylum that at all relevant times resided and continues to reside in Kalamazoo, Michigan.

6)      Defendant DHS is an executive agency of the United States within the meaning of 5 U.S.C. § 552(f)(1). Among other duties, DHS is responsible for administering the immigration laws of the United States. DHS has in its possession, custody, and control records that Plaintiff seeks.

7)      Defendant USCIS is a component agency of DHS and is an agency within the meaning of 5 U.S.C. § 552(f)(1). USCIS is responsible for adjudicating applications under the Immigration and Nationality Act, 8 U.S.C. § 1101, et seq. USCIS has in its possession, custody, and control records that Plaintiff seeks.

## FACTUAL ALLEGATIONS

8)      Plaintiff incorporates by reference the preceding paragraphs as though set forth fully herein.

9)      On March 15, 2019, Plaintiff, by and through his counsel, filed a FOIA request with USCIS requesting any information the agency had pertaining to him.

10)      USCIS has not made a determination on the FOIA request or released records as of the morning of April 16, 2019.

*John Doe v. Department of Homeland Security and United States Citizenship and Immigration Services.*
Complaint

11)     USCIS has not sent written notice of its intention to take an extension pursuant to 5 U.S.C. § 552(a)(6)(B).

12)     Plaintiff has suffered harm due to Defendants' withholding of the information requested; specifically, he has been denied the opportunity to timely review any relevant records in the possession of Defendants and to use them to substantiate a motion currently pending before the Chicago Immigration Court.[2]

13)     Plaintiff will suffer further future harm due to Defendants' continued withholding of the information requested; specifically, as the records are needed to substantiate a motion to rescind an in absentia removal order in an asylum case before the Chicago Immigration Court, it is no exaggeration to say that Defendants' continued failure to provide information in a timely manner may possibly have life-and-death consequences.

## CAUSE OF ACTION FOR VIOLATION OF FOIA

14)     Plaintiff incorporates by reference the preceding paragraphs as though set forth fully herein.

15)     Defendants are obligated under 5 U.S.C. § 552(a)(3) to conduct a reasonable search for records responsive to FOIA requests and to issue a determination concerning each request within the time period set forth in 5 U.S.C. § 552(a)(6) - 20 working days.

---

[2] Plaintiff previously resided in Illinois.

16)     There are no circumstances that justify Defendants' delay in processing the

FOIA requests; the Defendants have failed to exercise due diligence in timely

responding.

17)     Defendants have failed to make a timely determination concerning the

FOIA request and have withheld requested records subject to FOIA disclosure in

violation of 5 U.S.C. §§ 552(a)(3) and (a)(6)(A) and the regulations promulgated

thereunder.

18)     Defendants' failure to make a determination concerning Plaintiff's request

for records within the statutory time period constitutes a constructive denial of Plaintiff's

request and Plaintiff is deemed to have exhausted his administrative remedies. 5 U.S.C. §

552(a)(6)(C)(i).

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff requests that this Court grant the following relief:

(1)     Declare that Defendants have violated the FOIA;

(2)     Issue an injunction ordering Defendants to respond to Plaintiff's FOIA

request by immediately providing the records improperly withheld;

(3)     Award costs and reasonable attorney fees incurred under 5 U.S.C. §

552(a)(4)(E); and

(4)     Grant such further relief as the Court deems just and proper.


Dated: April 16, 2019              Respectfully Submitted,

                                   /s/ Marc Asch (P75499)
                                   The Law Office of Marc Asch

*John Doe v. Department of Homeland Security and United States Citizenship and Immigration Services.*
Complaint

137 N. Park St., Suite 201B
Kalamazoo, MI 49007
(617) 653-8184
marc.a.asch@gmail.com
Attorney for Plaintiff

*John Doe v. Department of Homeland Security and United States Citizenship and Immigration Services.*
Complaint